IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| United States of America | Civil Action No. 2:77-cv-02040-LMA |
| Plaintiff, | Civil Division |
| v. | Section I |
| City of Alexandria, Louisiana, et al. | Judge Lance M. Africk |
| Defendants. | No Magistrate Judge Assigned |

## JOINT STIPULATION OF DISMISSAL

Comes now the United States of America and Defendant City of Baton Rouge, Louisiana, and ask the Court for an order dissolving the Consent Decree entered by this Court on December 9, 1980 (the "Decree") as to the City of Baton Rouge.

1. The United States has entered into a stipulation with Baton Rouge, one of only two cities that remain subject to the Decree.

2. The 39-year-old Decree approved by the Court settled the complaint in this case filed by the United States in 1977 against 33 defendants.[1] The initial complaint alleged that each defendant jurisdiction engaged in a pattern or practice of discrimination against African Americans and women in the hiring and promotion of police officers and/or firefighters in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.*

---

[1] Between 1980 and 2004, the Court dismissed nine of the 33 jurisdictions from the Decree. On November 15 and December 5, 2012, this Court issued orders of dismissal releasing 19 more jurisdictions from the Decree, and on June 1, 2017, the Court dismissed three more cities from the Decree, leaving only Alexandria and Baton Rouge.

3.     Baton Rouge is a municipal entity whose police and fire departments are subject to the Decree.

4.     In its lawsuit, the United States contended, among other things, that Baton Rouge used entry-level and promotional examinations and other selection processes that had an adverse impact on African Americans and women, and were not shown to be job-related and consistent with business necessity.

5.     In 1980, the United States and all defendants agreed to a settlement of the lawsuit. That settlement was incorporated in the Decree entered by this Court. The Decree requires that all defendants engage in an ongoing review of their police officer and firefighter selection processes for job relatedness, conduct a job analysis of each promotional classification, and establish cutoff scores and examination components to eliminate adverse impact on African-American and female applicants for police officer and firefighter positions.

6.     Based upon review of information provided to the United States by Baton Rouge, as well as the most recent compliance reports from the City, the United States has independently determined that Baton Rouge has achieved substantial compliance with the objectives of the Decree. This determination is based upon several factors. First, since at least 2011, Baton Rouge has developed and utilized selection processes for the hiring and promotion of police officers and firefighters that have not had a statistically significant adverse impact on African-American and female applicants and employees. Those processes are job-related and consistent with business necessity. Second, the current composition of the police and fire departments of Baton Rouge reflect the makeup of their respective applicant pools, and have done so for several years. Third, the United States has carefully considered relevant information about the current hiring practices of Baton Rouge, and is satisfied that the hiring and promotions processes

currently utilized by the City is in substantial compliance with the contemplated objectives of the Decree.

7. A thorough review of Baton Rouge's selection processes and department compositions shows that the Decree can be dissolved as to this jurisdiction. The alleged Title VII pattern-or-practice violations that the Decree sought to remedy nearly four decades ago have been addressed. Further, with the City's adoption of lawful police officer and firefighter selection processes, the representation of African Americans and women among its police officer and firefighter workforces has improved significantly.

8. Baton Rouge is and has been in substantial compliance with the Decree and the Decree is no longer required as to this defendant.

9. Accordingly, Plaintiff United States and Defendant Baton Rouge request that this Court terminate the Consent Decree entered in this matter on December 9, 1980 as to Baton Rouge.

10. A proposed order is attached to this Stipulation.

Dated:  2019-05-31

Respectfully submitted,

BY:   ERIC S. DREIBAND                               /s/
      Assistant Attorney General              ANDERSON O. "ANDY" DOTSON, III
      Civil Rights Division                   Bar Roll No. 26865
                                              Interim Parish Attorney
      DELORA L. KENNEBREW                     City of Baton Rouge,
      Chief                                   Parish of East Baton Rouge
      Employment Litigation Section           P.O. Box 1471
      Civil Rights Division                   Baton Rouge, Louisiana  70821
                                              Telephone: (225) 389-3114
                                              Fax: (225) 389-5554
      /s/                                     Email: adotson@brla.gov
      JOSEPH J. SPERBER IV
      New York State Bar No. 2662526          ON BEHALF OF DEFENDANT
      Attorney                                CITY OF BATON ROUGE, LOUISIANA
      Civil Rights Division, PHB
      Employment Litigation Section
      950 Pennsylvania Avenue, N.W.
      Washington, D.C. 20530
      Telephone: (202) 305-2367
      Facsimile: (202) 514-1005
      Email: joseph.sperber@usdoj.gov

      ON BEHALF OF PLAINTIFF
      UNITED STATES OF AMERICA

## **CERTIFICATE OF SERVICE**

      I hereby certify that this 31st day of May 2019, I caused the foregoing Joint Stipulation of Dismissal to be filed with the Court via the Court's Case Management Electronic Case Filing System ("CM/ECF") causing it to be served upon the individuals registered for service via the CM/ECF system.

                                          /s/
                                          Joseph J. Sperber IV